IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Express Franchise Services, L.P., <br> d/b/a Express Employment Professionals, <br> a Texas limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> BelFlex Staffing Network, LLC, <br> an Ohio limited liability company, <br><br> Defendant. | Case No. 1:17-cv-615 |

## COMPLAINT

Plaintiff, Express Franchise Services, L.P. ("Express"), for its causes of action against BelFlex Staffing Network, LLC, ("Defendant"), alleges and states as follows:

## NATURE OF ACTION

1. This is an action for injunctive relief and monetary damages arising out of Defendant's trademark infringement, copyright infringement, unfair competition and deceptive and unfair trade practices.

## PARTIES, JURISDICTION AND VENUE

2. Express is a Texas limited partnership having a principal place of business at 6300 Northwest Expressway, Oklahoma City, Oklahoma 73118.

3. Defendant is an Ohio limited liability company having its corporate headquarters at 11591 Goldcoast Drive, Cincinnati, Ohio 45249.

4. This is an action arising in part under the laws of the United States, specifically, the Lanham Act, 15 U.S.C § 1051 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.*

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, the Court has original subject matter jurisdiction over Express's trademark and copyright infringement claims because they respectively arise under federal law. Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) and § 1367(a) because they are joined with substantial and related claims and/or form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendant because Defendant has had minimum contacts with the forum and maintaining this action in North Carolina will not offend traditional notions of fair play and substantial justice.

7. Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1400(a) because a substantial part of the events or omissions giving rise to the present claims occurred in this District and/or Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**I.  Express and its Intellectual Property.**

8. Express is a franchisor of personnel staffing services that specializes in, among other things, temporary and permanent employment placement services for full-time and part-time employees, business administrative services, and executive search services.

9. Potential and actual customers of Express's services are employees searching for job placement as well as employers searching for job candidates.

10. Express and its franchisees and licensees offer their services in, *inter alia*, the light industrial market, in which Express is well-known.

11. Since at least as early as February 14, 2008, Express, by itself and through its permitted licensees and franchisees, has offered and/or advertised its services under the distinctive designation ✗ (the "Express Mark"), both in isolation and as the letter "X" in the word EXPRESS.

12. In addition to common law rights Express has acquired in the Express Mark, the Express Mark is also protected by federal trademark registrations owned by Express, including at least the following:

> a. U.S. Trademark Registration No. 3,517,960 for ✗ for use in connection with "personnel services, namely, providing temporary employment agency services, full-time employment agency services, professional staffing agency services, contract staffing agency services, job placement services, human resource management and consultation services, employment search and placement services, executive search and placement services, administration of business payroll for others; accounting services; tax consultation and preparation; franchising, namely, consultation and assistance in business management,

3

organization and promotion," which is now incontestable, a true and correct copy of which is attached as Exhibit 1; and

b. U.S. Trademark Registration No. 3,886,624 for EXPRESS (and Design) for use in connection with "personnel services, namely, providing temporary employment agency services, full-time employment agency services, professional staffing agency services, contract staffing agency services, job placement services, human resource management and consultation services, employment search and placement services, executive search and placement services, administration of business payroll for others; accounting services; tax consultation and preparation; franchising, namely, consultation and assistance in business management, organization and promotion," which is now incontestable, a true and correct copy of which is attached as Exhibit 2.

13. Express and its permitted licensees and franchisees have incorporated the Express Mark throughout their businesses and in connection with advertisements for the same, including, without limitation, use on physical locations, on Express's website which originates from the domain <<www.expresspros.com>>, and in connection with various social media and print advertising.

14. Due to the widespread and extensive use of the Express Mark, strict control over the nature and quality of the services provided therewith, extensive advertising and promotional activities, and substantial sales as a result thereof, Express has built up an

excellent reputation and valuable goodwill in the Express Mark, which is strong and established in the minds of the public and the trade as designating Express as the source of the services provided therewith.

15. The artwork of the Express Mark (namely,  ) is also a protected copyright owned by Express which is the subject of U.S. Copyright Registration No. VA0001913798 (the "Express Copyright"), which registration has an effective date of October 25, 2013, a true and correct copy of which is attached hereto as Exhibit 3.

**II.     Defendant's Infringement**

16. Like Express, Defendant is also a personnel company that offers staffing services in competition with Express in the light industrial market.

17. Like Express, Defendant offers its services under a designation depicting a stick figure in the shape of an "X" with a detached circle head, an image of which is shown below (the "BelFlex Design").

18. Like the Express Mark, the BelFlex Design is comprised of a stick figure in the shape of an "X" with a detached circular head and extending limbs.

19. Like Express with the Express Mark, Defendant utilizes the BelFlex Design on Defendant's website, Defendant's social media pages, in print, and throughout Defendant's physical locations.

5

20. The BelFlex Design is used by Defendant in isolation and/or as the letter "X" within the word BELFLEX.

21. Defendant and Express's authorized franchisees offer their respective services under their respective designations in the same and/or overlapping geographic locations, including overlapping geographic locations within this District.

22. Authorized Express franchisees and Defendant both have offices in this District from which they offer their respective services under the Express Mark and the BelFlex Design, respectively.

23. An authorized Express franchisee and Defendant offer their respective services 0.2 miles apart from each other in Winston-Salem, North Carolina. Express's franchisee has an office at 159 Jonestown Rd., Winston-Salem, North Carolina 27104 and Defendant has an office at 325 Jonestown Rd., Winston-Salem, North Carolina 27104.

24. An authorized Express franchisee and Defendant offer their respective services 0.3 miles apart from each other in Sanford, North Carolina. Express's franchisee has an office at 307 N. Horner Blvd., Sanford, North Carolina 27330 and Defendant has an office at 115 S. Horner Blvd., Sanford, North Carolina 27330.

25. Like Express with the Express Mark, Defendant uses the BelFlex Design as a standalone designation on webpages depicting its website, true and correct images of which are shown below:



26. The BelFlex Design is used in connection with services that are in direct competition with the services offered by Express under the Express Mark.

27. Upon information and belief, Defendant did not use the BelFlex Design or a legal equivalent thereof in commerce until after 2008.

28. Upon information and belief, Defendant adopted the BelFlex Design with knowledge of the Express Mark.

29. Upon information and belief, Defendant adopted the BelFlex Design with the intent to trade on the goodwill associated with the Express Mark.

30. Contemporaneous use of the Express Mark and the BelFlex Design is likely to cause confusion, mistake or deception by and among consumers as to the source of the services offered therewith and/or the association among Express and Defendant.

31. The BelFlex Design incorporates elements nearly identical to the Express Copyright and is substantially similar thereto.

32. Upon information and belief, the Express Copyright and the registration therefor precede Defendant's adoption of the BelFlex Design, which was created by copying the Express Copyright.

33. Express has provided Defendant with notice of its infringement of the Express Mark and Express Copyright and has demanded that Defendant cease the same, yet Defendant continues to use and to offer its services under the BelFlex Design, and to reproduce and publicly display the BelFlex Design without Express's authorization.

34. Upon information and belief, since Express's demands, Defendant's use of the BelFlex Design has expanded into different physical locations and/or different States.

35. Upon information and belief, after Express's demands, with full knowledge of Express's intellectual property rights, Defendant began to use the BelFlex Design in isolation, apart from its use as the "X" in the word BELFLEX, with the intent to create a false affiliation between Defendant and Express and to trade on the goodwill associated with the Express Mark.

### COUNT I
### SERVICE MARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

36. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

37. The Express Mark is a valid, protectable service mark to which Express owns all right, title, and interest and which is the subject of numerous federal registrations, including, U.S. Registration No. 3,517,960 and U.S. Registration No. 3,886,624, both of which are incontestable.

38. Defendant's use of the BelFlex Design is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of its services and to mislead the public into believing that Defendant and Defendant's services are affiliated, connected, or associated with Express, and/or that Defendant's services originate from, are sponsored by, are endorsed by, or are somehow approved by Express, all in violation of 15 U.S.C. § 1114.

39. As a result of Defendant's unlawful conduct, and because of the likelihood of confusion engendered by Defendant, Express has been and will continue to be damaged and is entitled to monetary damages as well as Defendants' profits in an amount to be determined at trial.

40. Express is further entitled to injunctive relief prohibiting Defendant from using the BelFlex Design and/or marks confusingly similar to the Express Mark.

41. Upon information and belief, Defendant's acts have been in bad faith, willful and/or in conscious or reckless disregard of Express's rights, such that this is an exceptional case for which Express is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II
## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

42. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

43. The Express Mark is a valid, protectable service mark to which Express owns all right, title, and interest.

9

Case 1:17-cv-00615-LCB-LPA   Document 1   Filed 07/03/17   Page 9 of 16

44. Defendant's use of the BelFlex Design is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of its services and to mislead the public into believing that Defendant and Defendant's services are affiliated, connected, or associated with Express, and/or that Defendant's services originate from, are sponsored by, are endorsed by, or are somehow approved by Express, all in violation of 15 U.S.C. § 1125(a).

45. As a result of Defendant's unlawful conduct, and because of the likelihood of confusion engendered by Defendant, Express has been and will continue to be damaged and is entitled to monetary damages as well as Defendants' profits in an amount to be determined at trial.

46. Express is further entitled to injunctive relief prohibiting Defendant from using the BelFlex Design and/or marks confusingly similar to the Express Mark.

47. Upon information and belief, Defendant's acts have been in bad faith, willful and/or in conscious or reckless disregard of Express's rights, such that this is an exceptional case for which Express is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT III
## COPYRIGHT INFRINGEMENT

48. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

49. The Express Copyright is a valid and subsisting copyright owned by Express.

50. Upon information and belief, Defendant directly copied the Express Copyright to create the BelFlex Design.

51. Defendant had access to the Express Copyright prior to creation of the BelFlex Design, which is substantially similar to the Express Copyright.

52. Defendant's aforementioned actions, which include, but are not limited to, the unauthorized use and duplication of the Express Copyright and/or derivatives works thereof, constitute infringement of the Express Copyright.

53. Upon information and belief, Defendant's aforementioned acts of infringement have been willful.

54. Express is entitled to recover from Defendant the damages sustained by Express as a result of Defendant's acts of copyright infringement as well as the profits Defendant has obtained as a result of its acts of infringement in an amount to be proven at trial.

55. Alternatively, Express is entitled to statutory damages authorized under the Copyright Act.

56. Express is further entitled to injunctive relief enjoining Defendant from further acts of infringement.

**COUNT IV**
**UNFAIR COMPETITION AND UNFAIR OR DECEPTIVE PRACTICES**
**IN VIOLATION OF § 75-1.1 OF THE NORTH CAROLINA**
<u>**UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**</u>

57. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

58. The foregoing acts of Defendant, undertaken in commerce within the State of North Carolina, permit Defendant to use and benefit from the goodwill and reputation of Express and to obtain access to customers and sales from which Defendant would not otherwise benefit.

59. By using the BelFlex Design in association with its services, Defendant is unfairly competing with Express, creating confusion regarding the source of Defendant's services, passing off Defendant's services as those of Express, and/or infringing Express's intellectual property. Such conduct constitutes unfair or deceptive acts or practices in commerce, all in violation of N.C. Gen. Stat. § 75-1.1.

60. Upon information and belief, Defendant intentionally, knowingly and willfully engaged in unfair competition and passing off, acted in bad faith and in conscious and reckless disregard for the rights of Express, for which Express is entitled to treble damages and attorneys' fees and costs.

61. As a result of Defendant's conduct, Express has suffered and continues to suffer damages in an amount to be determined at trial.

62. Express is further entitled to injunctive relief enjoining Defendant from further acts of infringement.

## COUNT V
## COMMON LAW SERVICE MARK INFRINGEMENT

63. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

64. This claim is brought under the common law of the State of North Carolina for trademark infringement and deceptive and unfair trade practices.

65. Defendant, without authorization from Express, has used and is continuing to use a mark that is nearly identical to the Express Mark.

66. Defendant's acts are intended to cause and/or have caused confusion, mistake and deception among consumers, the public and the trade as to whether Defendant's services originate from or are affiliated with, sponsored by, or endorsed by Express.

67. Defendant intentionally, knowingly and willfully infringed Express's rights, acted in bad faith and in conscious and reckless disregard for the rights of Express for which Express is entitled to attorneys' fees and costs.

68. As a result of Defendant's conduct, Express has suffered and continues to suffer damages.

69. Express is further entitled to injunctive relief enjoining Defendant from further acts of infringement.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

70. Express re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

71. The foregoing acts of the Defendant permit Defendant to use and benefit from the goodwill and reputation of Express and to obtain access to customers and sales from which Defendant would not otherwise benefit.

72. By using the BelFlex Design in association with its services, Defendant is unfairly competing with Express, creating confusion regarding the source of Defendant's services, trading on the reputation and goodwill of, and infringing the Express Mark and passing off its services as those of Express, all in violation of the common law of the State of North Carolina.

73. Defendant intentionally, knowingly and willfully engaged in common law unfair competition and passing off, acted in bad faith and in conscious and reckless disregard for the rights of Express, for which Express is entitled to attorneys' fees and costs.

74. As a result of Defendant's conduct, Express has suffered and continues to suffer damages in an amount to be determined at trial.

75. Express is further entitled to injunctive relief enjoining Defendant from further acts of infringement.

## DEMAND FOR JURY TRIAL

76. Express hereby demands a trial by jury on all claims that may be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Express requests the Court enter judgment in its favor as follows:

A. Judgment be entered in favor of Express against Defendant as to each of the above counts;

B.  Defendant, its officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with Defendant, be enjoined from using the BelFlex Design or any designs confusingly similar to the Express Mark in any form, and from any and all other conduct which is likely to cause confusion or to cause mistake or deceive as to affiliation, connection or association of Defendant with Express, or as to origin, sponsorship or approval of Defendant's services by Express;

C.  Defendant, its officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with Defendant, be enjoined from engaging in further acts of copyright infringement;

D.  Defendant be ordered to remove and deliver for destruction all signs, labels, displays, literature, recorded commercials, advertising, or other material or tangible things in its possession or control, or its agents' or employee's possession or control, that incorporate or use the BelFlex Design, or any other designation that is confusingly similar to the Express Mark or substantially similar to the Express Copyright;

E.  Defendant be ordered to file with this Court and serve on Express within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

F.  Defendant be required to pay such damages as Express has sustained and those profits Defendant has reaped as a consequence of Defendant's unlawful acts and pursuant to the claims set forth herein;

G. Defendant be required to pay statutory damages, exemplary damages and Express's costs, expenses, and reasonable attorneys' fees in connection with this action; and

H. Express be granted any and all other relief at law or at equity to which it may be entitled or that this Court may deem appropriate and just.

Respectfully submitted,

By: /s/ William M. Bryner
Daniel R. Taylor, Jr.
William M. Bryner
**Kilpatrick Townsend & Stockton LLP**
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: 336.607.7300
Facsimile: 336.607.7500
Email: dtaylor@kilpatricktownsend.com
wbryner@kilpatricktownsend.com

**ATTORNEY FOR PLAINTIFF EXPRESS FRANCHISE SERVICES, LP**

**OF COUNSEL:**
(to be admitted *pro hac vice*)

Michael J. LaBrie
Zachary A.P. Oubre
**McAfee & Taft**
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102-7103
Telephone: 405.235.9621
Facsimile: 405.235.0439
E-mail: mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com

12855441V.3